[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS FOR CONTEMPT AND FOR MODIFICATION
The court having heard evidence and testimony concerning (1) Plaintiff's Motion For Contempt dated January 15, 1992, and (2) Defendant's Motion For Modification dated December 16, 1991, makes the following findings and conclusions.
The defendant has experienced a substantial reduction in earnings from employment since the existing orders for support were entered. He has been unsuccessful in a number of self-employment situations and is presently a salesman of storm windows. He apparently has made some effort to obtain employment with insurance companies and other businesses.
Notwithstanding his financial reversals, the defendant has moved into a new home in the Devonwood Section of Farmington and his lifestyle has not been pauperized to the extent one might expect given his recent earnings to be $275.00 sales commission on one storm window sale. The court attributes this to the defendant's access to Trust income as per his testimony.
As part of the dissolution judgment the defendant was ordered, pursuant to his agreement, to pay three-quarters of the cost of arts or athletic programs engaged in by the parties' minor daughter, Bethany.
At the present time, the pro-rated share owed by the defendant for Bethany's clarinet lessons and drama lessons is $709.00. Outstanding camping fees owed by the defendant are CT Page 7194 found to be $156.00 for a total of $865.00.
The court finds that since January 29, 1992, the defendant has paid a total of $75.00 toward his child support obligation, resulting in an arrearage of $1875.00, subject to adjustment, as of the date of hearing, April 28, 1992.
The court finds that the defendant has not wilfully failed to pay the Current Order of Support or his contribution to Bethany's activities.
The court does find, however, that the defendant has the education and business experience which does not justify his decision to make a living selling storm windows on commission.
For the foregoing reasons the court orders the defendant to pay to the plaintiff the sum of $865.00 for Bethany's artistic and athletic activities within 90 days of this order.
The court hereby grants the defendant's motion to modify his support obligation and enters the following order.
The sum of $50.00 per week child support is suspended and allowed to accrue as part of the support arrearage calculated to be no less than $1875.00 at the time of the hearing, April 28, 1992.
The defendant is ordered to pay the sum of $100.00 per week as child support, plus the sum of $25.00 per week toward said arrearage for a total weekly order of $125.00 until further order of court.
The defendant is to make a bona fide effort to seek responsible employment for compensation in accordance with his academic and business skills. The defendant is to provide plaintiff's counsel with a list of employment opportunities for which he has applied on the first day of each month. Defendant is to notify plaintiff's attorney immediately upon his obtaining employment.
The matter is continued until October 21, 1992.
BY THE COURT, J. W. DOHERTY, J. CT Page 7195